IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER CARTER, Individually and on Behalf of All Others Similarly Situated** | | **PLAINTIFF** |
| vs. | No. 4:22-cv-1359 | |
| **MYLES GROUP, INC., and AARON MYLES** | | **DEFENDANTS** |

## MOTION FOR DEFAULT JUDGMENT AND INCORPORATED BRIEF IN SUPPORT

Plaintiff Christopher Carter ("Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, and for his Motion for Default Judgment ("Motion"), states and alleges as follows:

1. Plaintiff seeks a default judgment against Defendants Myles Group, Inc., and Aaron Myles (collectively "Defendants") in the amount of $4,345.75 plus an equal amount as liquidated damages, or a total of $8,691.50.

2. Plaintiff filed his Original Complaint—Collective Action on 28 April 2022. ECF No. 1. Defendants responded through counsel on 29 July 2022. ECF No. 11. Defendants' counsel subsequently sought and was granted leave to withdraw from the case. ECF Nos. 25, 26.

3. In the order granting Defendants' counsel's withdrawal, the Court stated:

> Defendant Myles Group, Inc, is hereby **ORDERED** to file a notice of appearance by counsel by January 5, 2024. As a corporation, it isn't permitted to proceed *pro se*. Defendant Aaron Myles is also **ORDERED** to file either a notice of appearance by replacement counsel or a statement of intention to proceed *pro se* by January 5, 2024.

Page 1 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

ECF No. 26

4. Defendants did not file notices of appearance by counsel by 5 January 2024, and Plaintiff sought entry of default and requested the Court strike Defendants' Answer and defenses. ECF Nos. 27. The Court granted Plaintiff's request for entry of default on 8 March 2024, and the Entry of Default was filed on 17 May 2024. ECF Nos. 30, 31.

5. Plaintiff files with and in support of this Motion the following exhibits:

Ex. 1   Defendant Myles Group, Inc.'s Verified Objections, Answers and Responses to Plaintiff's First Set of Interrogatories and Request for Production;
Ex. 2   Plaintiff's Verified Answers to Defendants' First Set of Interrogatories;
Ex. 3   Plaintiff's Paystubs; and
Ex. 4   Damage Calculations.

WHEREFORE, premises considered, Plaintiff Christopher Carter, individually and on behalf of all others similarly situated, respectfully requests this Court grant this Motion; enter a default judgment against Defendants in the amount of $8,691.50, plus costs and a reasonable attorney's fee to be determined after the filing of a motion by Plaintiff in accordance with the Federal Rules of Civil Procedure; and for all other good and proper relief to which he may be entitled, whether or not specifically requested herein.

## INCORPORATED BRIEF IN SUPPORT

Plaintiff is entitled by operation of law to a judgment by default as a result of Defendants' failure to file any responsive pleading herein within the time allowed by the Federal Rules of Civil Procedure. As is more fully set forth herein below, Plaintiff has alleged and provided evidence which establish a basis for his claims relating to violations of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the

Page 2 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

"FLSA") and liquidated damages. Also, as more fully set forth herein below, Plaintiff has established that he is entitled to damages in a total amount to be determined after a hearing on this matter,[1] but which will include at a minimum $4,345.75 for unpaid overtime wages (and an equal amount in liquidated damages) payable by Defendants and an equal amount as liquidated damages. In addition to his unpaid wages and liquidated damages, Plaintiff is entitled to an award of his court costs and a reasonable attorney's fee.

## I.   PROCEDURAL BACKGROUND

On April 28, 2022, Plaintiff filed his Original Complaint—Collective Action against Defendants. ECF No. 1. Defendants filed their Answer on July 29, 2022. ECF No. 11. Thereafter, the parties conducted extensive written discovery, which included both sides responding to interrogatives and the production of Plaintiff's payroll records. Following the close of discovery, Defendants' counsel moved to withdraw as attorneys for Defendants on December 14, 2023. ECF No. 25. Pursuant to this Court's Order granting Defendants' counsel's Motion to Withdraw dated December 20, 2023, Defendant Myles Group, Inc., was required to have retained counsel and Defendant Aaron Myles was to have either retained counsel or notified the Court of his intention to proceed *pro se* no later than January 5, 2024. ECF No. 26. Defendants failed to timely serve or file any further pleadings, and on May 17, 2024, the Court entered a default against Defendants. ECF No. 31.

Pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Plaintiff requests that this Court enter default judgment against Defendants as set forth herein below.

---

[1] In lieu of the hearing contemplated in the preceding paragraph, Plaintiff has submitted evidence regarding his uncompensated overtime that is in line with the allegations made in the Complaint. See Exhibits 1-4.

Page 3 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

## II.  DEFAULT JUDGMENT STANDARD

Pursuant to Rule 55 of the Federal Rules of Civil Procedure, following the entry of a party's default by the clerk the Court may enter a default judgment against the defaulting party upon application by the non-defaulting party. Fed. R. Civ. P. 55. When entering a default judgment, the Court takes the facts alleged in the non-defaulting party's complaint as true. *Joe Hand Promotions, Inc. v. Tequila's Sports & Club, LLC*, No. 4:23cv4126, 2024 U.S. Dist. LEXIS 146978, at *3 (S.D. Tex. July 23, 2024) (citing Fed. R. Civ. P. 8(b)(6)). Where the claim is for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proved in a supplemental hearing or proceedings. *Wooten v. McDonald Transit Assocs.*, 788 F.3d 490, 496 (5th Cir. 2015) (citing Fed. R. Civ. P. 55(b)(2)(C)).

## III.  BRIEF FACTUAL BACKGROUND

As noted above, on motion for default judgment, the factual allegations contained in Plaintiff's Complaint must be taken as true. Plaintiff is a former employee of Defendants, working as a Driver that transported vehicles from dealerships to customers over the course of the three years preceding the filing of the Complaint. Compl. ¶ 18–21. Defendant Myles Group, Inc., is a domestic, for-profit corporation, that has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others. *Id*. at ¶ 8, 16.  Defendant Myles Group., Inc.'s annual gross volume of sales made or business done during each of the three years preceding the filing of the Complaint was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated). *Id*. at ¶ 17; see also Ex. 1, Def.'s Resp. to Pl.'s First Set of Interrogs., No. 15, at 10. Defendant Aaron Myles is a principle, director, and officer

Page 4 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

at Myles Group, Inc., and controls the day-to-day operations such that he is liable to Plaintiff as an employer under the FLSA. Compl. at ¶ 13–15.

It was Defendants' policy to classify their Drivers as exempt from the overtime provisions of the FLSA. Compl. ¶ 26. Defendants paid Plaintiff and other Drivers a piece-rate for each car delivered and did not guarantee a weekly minimum income pursuant to 29 C.F.R. § 541.604(b). *Id*. at ¶ 28–29; Ex. 1, Def.'s Resp. to Pl.'s First Set of Interrogs., No. 4, at 7. Defendants also required their Drivers to work more than forty hours per week but did not pay them an overtime premium for their hours worked over forty. Compl. at ¶ 34–40; Ex. 1, Def.'s Resp. to Pl.'s First Set of Interrogs., No. 7, at 8. Plaintiff performed all his work within the State of Texas and did not cross state lines in the performance of his duties. Compl. at ¶ 31. Further, Plaintiff regularly loaded, drove, fueled or otherwise handled vehicles that weighed less than 10,000 pounds. *Id*. at ¶ 33; Ex. 1, Def.'s Resp. to Pl.'s First Set of Interrogs., No. 7, at 8.

The United States District Court for the Southern District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA. Compl. ¶ 3. The acts complained of in Plaintiff's Complaint were committed and had their principal effect against Plaintiff within the Houston Division of the Southern District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391. *Id*. at ¶ 6.

### IV.   ARGUMENT

Plaintiff has established that Defendants violated the overtime provisions of the FLSA with respect to their Drivers and is entitled to damages for all unpaid overtime compensation. Specifically, Defendants did not pay Plaintiff at a rate of one and one-half

Page 5 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

times his regular rate for all hours worked over forty (40) hours per week. Ex. 1, Def.'s Resp. to Pl.'s First Set of Interrogs., No. 4, at 7; see also Ex. 3, Pl.'s Paystubs. Because Defendants violated the overtime provisions of the FLSA, Plaintiff is entitled to damages for all unpaid overtime compensation.

29 U.S.C. § 207 requires employers to pay each employee one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week. 29 U.S.C. § 207. Plaintiff always or almost always worked in excess of forty (40) hours per week during his tenure with Defendants. Compl. ¶ 34; see also Ex. 2, Pl.'s Resp. to Def.'s First Set of Interrogs., No. 3, at 2. At no point during Plaintiff's employment with Defendants did Defendants pay Plaintiff one and one-half times his regular rate for hours in excess of forty (40) per week. Compl. at ¶ 57; Ex. 3, Pl.'s Paystubs. This is a violation of the overtime provisions of the FLSA, 29 U.S.C. § 207.

"An employee who brings suit under [29 U.S.C. 216(b)] of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). However, based on the purposes of the FLSA, the employee's burden of proof is relaxed where the employer has failed to keep accurate records containing the information required under the FLSA. *Id*. at 687–88.

Plaintiff has established that Defendants violated the overtime provisions of the FLSA. Therefore, Plaintiff is entitled to damages for all unpaid overtime compensation within the statute of limitations. As to unpaid overtime, Plaintiff requests that a hearing be scheduled so testimony may be taken on the number of uncompensated overtime hours

Page 6 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

worked by Plaintiff during the statute of limitations period and damages may then be calculated at their varying overtime rates.[2]

Further, Plaintiff is entitled to liquidated damages regarding his overtime judgment. When an employer is found to have violated the overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed. 29 U.S.C. § 216. Liquidated damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages *only if the employer proves* "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir. 2008). Liquidated damages are "the norm" where an FLSA violation is found. *Id*. Whether to award liquidated damages is a question for the Court, not the jury. *Bernard v. Ibp, Inc.*, 154 F.3d 259, 267

---

[2] In lieu of the hearing contemplated in the preceding paragraph, Plaintiff has submitted evidence regarding his uncompensated overtime that is in line with the allegations made in the Complaint. See Exhibits 1-4.

Page 7 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

(5th Cir. 1998) (quoting *Lee v. Coahoma County*, 937 F.2d 220, 226 (5th Cir. 1990)).

The FLSA directs that liquidated damages in an amount equal to any judgment awarded on a minimum wage or overtime pay violation claim be awarded if the employer fails to carry its burden of proving that it acted in good faith and with reasonable grounds for violating the FLSA. Because Defendants failed to meet their burden of proving that they acted in objective and subjective good faith, Plaintiff should be awarded liquidated damages equal to any amount of unpaid overtime awarded at a subsequent hearing.

In addition, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded a reasonable attorney's fee and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "<u>shall</u>, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." (emphasis added). Plaintiff requests that this Court accept the amounts of costs and attorney's fees incurred by Plaintiff to be submitted by affidavit following the granting of this Motion.

For the reasons given above, Plaintiff's Motion for Default Judgment should be granted in its entirety. The Court should enter judgment against Defendants as set forth herein above and schedule a hearing where Plaintiff may present for damages, as set forth herein above, unless the Court would prefer to rule based on the submitted evidence showing the damages alleged in the Complaint. Lastly, Plaintiff should be allowed a reasonable time to file a request for a reasonable attorney's fee.

**Page 8 of 10**
**Christopher Carter, et al. v. Myles Group, Inc., et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359**
**Motion for Default Judgment and Incorporated Brief in Support**

Respectfully submitted,

**CHRISTOPHER CARTER, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Sean Short*
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

Page 9 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support

## **CERTIFICATE OF SERVICE**

    I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing MOTION was filed via the CM/ECF system, which will provide notice to all interested parties. Notice has been delivered by other means to:

Myles Group, Inc.
c/o Marjorie Roy-Myles
2656 South Loop West, Suite 175
Houston, Texas 77054

Aaron Myles
2308 Paradise Canyon Drive
Pearland, Texas 77584

                                                  */s/ Sean Short*
                                                  **Sean Short**

Page 10 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Motion for Default Judgment and Incorporated Brief in Support