IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER CARTER, Individually and on Behalf of All Others Similarly Situated** § § § | | |
| Plaintiff, § | | |
| § | | |
| v. § | **CIVIL ACTION NO. 4:22-cv-01359** | |
| § | **JURY DEMANDED** | |
| **MYLES GROUP, INC., and** § | | |
| **AARON MYLES** § | | |
| Defendants § | | |

## DEFENDANT MYLES GROUP'S OBJECTIONS, ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

TO:  Plaintiff, Christopher Carter, Individually and on Behalf of All Others Similarly Situated, by and through his attorney of record, Josh Sanford, Sandford Law Firm, PLLC, Kirkpatrick Plaza, 10800 Financial Centre Pkwy, Suite 510, Little Rock, Arkansas 72211.

COMES NOW, **MYLES GROUP,** Defendant in the above entitled and numbered cause, and pursuant to Rule 197 of the Texas Rules of Civil Procedure, serves the attached Objections and Answers to Plaintiff's First Set of Interrogatories.

[SIGNATURE ON FOLLOWING PAGE]

1

Respectfully submitted,

**TAYLOR, BOOK, ALLEN & MORRIS, LLP**

_____
GREGORY A. HOLLOWAY
*Attorney of Record*
Texas State Bar No. 24000502
S.D. Tex. Federal Bar No. 23034
gholloway@taylorbook.com
NICHOLAS OTTATI
Texas State Bar No. 24128483
S.D. Tex. ID No. 3779818
nottati@taylorbook.com
1221 McKinney, Suite 4300
Houston, Texas 77010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727

**ATTORNEYS FOR DEFENDANTS,
MYLES GROUP, INC. AND AARON MYLES**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been e-filed with the District Clerk of the Southern District of Texas, Houston Division and forwarded to all counsel of record by e-service notification, certified mail/return receipt requested, regular mail, hand delivery, and/or facsimile on this the 21st day of October, 2022.

_____
GREGORY A. HOLLOWAY

## DEFINITIONS PROVIDED BY PLAINTIFF

1. The word "all" means any and all.

2. "Defendant" means Myles Group, Inc.

3. The words "document," "documents" or "documentation" is used in these Interrogatories and Requests for Production in the broad and liberal sense and means written, typed, printed, recorded or graphic matter, however stored, produced or reproduced, of any kind and description and whether an original, master, duplicate or copy, including, ,but not limited to, papers, notes, accounts, books, advertisements, letters, memoranda, notes of conversations, contracts, agreements, drawings, telegrams, electronic mail, tape recordings, communications, including inter-office and intra-office memoranda, reports, studies, working papers, corporate records, minutes of meetings, notebooks, bank deposit slips, bank checks, cancelled checks, diaries, diary entries, appointment books, desk calendars, photographs, transcriptions or sound recordings of any type of personal or telephone conversations or negotiations, meetings or conferences or things similar to any of the foregoing, and to include any data or information or statistics contained within any data storage modules, tapes, discs, diskettes, or other memory device, or other information retrievable from any storage systems, including, but not limited to, computer generated reports and printouts.

    a. To be more specific, and for the purposes of the instant ;litigation, in addition to the traditional meaning, "documents" or "documents" are electronically stored information including, but not limited to e-mail, voice mail, instant messages, word processing documents and spreadsheets present on any type of storage media; i.e., CPU hard-drive, network server, floppy disc, backup tapes, Zip

  cartridges, cell phones, Blackberry and other similar hand held devices, CDs and DVDs, whether or not such files have been reduced to paper printouts and all data created with the use of paper and electronic mail logging and routing software; all Internet and Web-browser generated history files, caches and "cookie" files; all backup storage media; and any other files generated through the use of computers and/or telecommunications including, but not limited to, voicemail.

  b. The word "document" or "documents" also includes data compilations from which information can be obtained and translated, if necessary, by Defendant through detection devices in a reasonably usable form. If any document has been modified by the addition of notations or otherwise or has been prepared in multiple copies which are not identical, each modified copy or un-identical copy is a separate "document."

4. The word "knowledge" means first-hand information and information derived from any other source, including hearsay knowledge.

5. The words "relate to," "relates to," "relating to," or "regarding" mean constitutes, contains, demonstrates, embodies, reflects, identifies, states, refers to, deals with, negates, or is in any way pertinent to, in whole or in part.

6. The words "Applicable Statutory Period" means the period starting three years preceding the filing of the Original Complaint in this case and continuing through the trial.

7. "Plaintiff" refers to Christopher Carter, as well as each person who has filed or does eventually file a consent to join this case.

## GENERAL OBJECTIONS

1. Defendant objects to Definition No. 3 regarding "document" or "documents" to the extent that it purports to impose obligations greater than those set forth in the Federal Rules of Civil Procedure. Defendant further objects to Definition No. 3 to the extent that it calls for documents protected from disclosure by the attorney-client privilege, deliberative process privilege, attorney work product doctrine, or any other applicable privilege

## DEFENDANT MYLES GROUP'S OBJECTIONS, ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION

**INTERROGATORY NO. 1:** Please state the names, addresses, and telephone numbers of all persons who provided information used in answering these interrogatories and state in detail the information provided by each person identified.

**ANSWER:**

**Aaron Myles**
**c/o Greg Holloway**
**Nicholas Ottati**
**Taylor, Book, Allen & Morris, LLP**
**1221 McKinney St, Suite 4300**
**Houston, Texas 77010**
**Phone: (713) 222-9542**

**Marjorie Roy Myles**
**c/o Greg Holloway**
**Nicholas Ottati**
**Taylor, Book, Allen & Morris, LLP**
**1221 McKinney St, Suite 4300**
**Houston, Texas 77010**
**Phone: (713) 222-9542**

**INTERROGATORY NO. 2:** Please identify by name, address, and title, each and every person who has or may have knowledge of or information regarding any discoverable matter relating to the subject matter of this lawsuit, or matters pleaded with particularity in Defendant's Answer, whether or not that person will be called as a witness.

**ANSWER:**

**Aaron Myles**
**c/o Greg Holloway**
**Nicholas Ottati**
**Taylor, Book, Allen & Morris, LLP**
**1221 McKinney St, Suite 4300**
**Houston, Texas 77010**
**Phone: (713) 222-9542**

**Marjorie Roy Myles**
**c/o Greg Holloway**
**Nicholas Ottati**
**Taylor, Book, Allen & Morris, LLP**
**1221 McKinney St, Suite 4300**
**Houston, Texas 77010**
**Phone: (713) 222-9542**

   **Discovery is continuing and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 3:** Please state the name, address, place of employment and telephone number of each witness Defendant will or may call at the trial of this matter, and state, with respect to each, the expected subject matter of his or her testimony.

**ANSWER: Defendant has not identified any witnesses that it will or may call at the trial for this matter, at this time. Discovery is continuing and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 4:**   Please describe in detail how Plaintiff was or is paid by Defendant during the Applicable Statutory Period, including the amount of compensation, method of compensation, whether he received the same amount of pay regardless of how many hours he worked, whether he received any compensation in addition to hourly, per diem and/or day rates, and, if so, the circumstances under which he would receive compensation in addition to his hourly, per diem, and/or day rates.

**ANSWER: During the Applicable Statutory Period Plaintiff was paid a commission of 27% for each delivery he performed for Myles Group, Inc. In general, commission rates for driver's range between 25-40%. Because pay was based on commission, his pay varied from week to week depending on the deliveries he performed each week. He did not receive an hourly rate, per diem and/or day rate for the work he performed. Discovery is continuing and Defendant will Supplement in accordance with the Texas Rules of Civil Procedure.**

**INTERROGATORY NO. 5:**   Please state how many hours Defendant contends that Plaintiff worked each and every individual week during the Applicable Statutory Period.

7

**ANSWER: Defendant objects to this request on the grounds that it is overbroad and unduly burdensome to the extent it seeks information that is readily accessible to Plaintiff, from documents or information in Plaintiff possession, or from documents or information that Defendants previously produced to Plaintiff. Subject to and without waiving the foregoing objection, Defendant does not make a contention as to the hours worked by Mr. Carter and asserts the burden is on Plaintiff to make a full showing of fact as to his allegation that he exceeded 40 hours in any week during the Applicable Statutory Period.**

**NTERROGATORY NO. 6:** Please state the day rate, per diem, piece rate or hourly wage of Plaintiff for each and every individual week during the Applicable Statutory Period.

**ANSWER: Plaintiff was not paid a day rate, per diem, piece rate or hourly rate during the Applicable Statutory Period. Plaintiff was paid a commission rate of 27% on each delivery he performed for Myles Group, Inc. In general, commission rates for drivers ranged from 25-40%.**

**INTERROGATORY NO. 7:** Please describe in detail all duties, responsibilities, and work required of Plaintiff during the Applicable Statutory Period, the time when such work was to be performed, and if the duties changed over time. If the duties changed over time, please state when and how the duties changed and how those changes were communicated to Plaintiff.

**ANSWER: Plaintiff's duties and responsibilities as a driver for Myles Group, Inc. included loading vehicles on trailers, transporting them to a designated location, unloading them at the designated location, and returning to the company lot. Driver's were often assigned multiple drop-offs per day.**

**INTERROGATORY NO. 8:** Please state the terms and conditions of any and all oral or written agreements between Defendant and Plaintiff regarding the method for compensation, including the rates of pay, and the recording of and payment for hours worked by Plaintiff during the Applicable Statutory Period.

**ANSWER: None.**

**INTERROGATORY NO. 9:** Please identify steps Defendant has taken to locate and preserve documents and ESI which are relevant to this case, including, but not limited to, text or

8

email messages to or from Plaintiff and/or other employees of Defendant, or other documents pertaining to Plaintiff's claims or Defendant's defenses or contentions in this case.

**ANSWER: Defendant has made efforts to preserve GPS data pertaining to Christopher Carter.**

**INTERROGATORY NO. 10:.** Please state each and every fact that supports each affirmative defense that Defendant raised in Defendant's Answer or that Defendant intends to raise at any time in this action.

**ANSWER: Discovery is continuing, and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 11:.** Please state whether Defendant has ever had a labor/employment compliance audit, whether internal or external, or a DOL investigation and if so, please describe the facts and circumstances surrounding the audit, including the reason(s) for the audit and the result(s) of the audit.

**ANSWER: Defendant has never been subject to a labor audit.**

**INTERROGATORY NO. 12:** Please identify Defendant's efforts to find all documents responsive to Plaintiff's Requests for Production of Documents, and identify all persons involved in searching for documents, consulted, or interviewed who in any way provided documents or information related to these interrogatories or to any Requests for Production of Documents.

**ANSWER: Aaron Myles and Marjorie Roy Myles were both involved in searching for documents and information related to Plaintiff's interrogatories and Requests for Production.**

**INTERROGATORY NO. 13:** Please identify and list all evidence Defendant intends to use at any hearing, deposition, or trial of this case.

**ANSWER: Discovery is continuing, and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 14:** Please identify whether Defendant received any complaints (verbal or in writing) regarding Plaintiff's pay and how it has been calculated within the Applicable Statutory Period. Please identify the name and job title of every person who made and received the complaint.

**ANSWER: Defendant has not received any complaints regarding Plaintiff's pay and how it was calculated within the Applicable Statutory Period.**

**INTERROGATORY NO. 15:** Please state Defendant's annual gross volume of sales made or business done for each of the three calendar years preceding the filing of this lawsuit.

**ANSWER: $3.5 Million (2019), $3.6 million (2020), $3.7 million (2021)**

**INTERROGATORY NO. 16:** Please state the number of transport drivers in the United States of America who were paid by Defendant during the Applicable Statutory Period.

**ANSWER: During the Applicable Statutory Period Defendant employed 10 different drivers.**

**INTERROGATORY NO. 17:** Please identify locations within the United States of America by address, city, state, and zip code, where Defendant employed transport drivers during the Applicable Statutory Period.

**ANSWER: Defendant only employed transport drivers in the Houston, Texas area.**

**INTERROGATORY NO. 18:** Please identify by name and last known address, phone number, and email address of all transport drivers in the United States of American who were paid by Defendant during the Applicable Statutory Period.

**ANSWER: Defendant objects to this request on the grounds that it seeks private information of individuals. Subject to and without waiving the foregoing, discovery is continuing, and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

**INTERROGATORY NO. 19:** Please describe in detail how transport drivers were or are paid by Defendant during the Applicable Statutory Period, including the amount of compensation, method

of compensation, whether they received the same amount of pay regardless of how many hours they worked, whether they received any compensation in addition to hourly, per diem and/or day rates, and, if so, the circumstances under which they would receive compensation in addition to their hourly, per diem, and/or day rates.

**ANSWER: Plaintiff was not paid a day rate, per diem, piece rate or hourly rate during the Applicable Statutory Period. Plaintiff was paid a commission rate of 27% on each delivery he performed for Myles Group, Inc. In general, drivers for Myles Group, Inc. were paid commission rates between 25-40%.**

**INTERROGATORY NO. 20:** Did Defendant have a common policy for how it paid its transport drivers for each delivered to Defendant's customers?

**ANSWER: Defendant objects to this request on the grounds that it is vague as to the meaning of the term "common policy." Subject to and without waiving the foregoing objection, Defendant asserts that is paid transport drivers on a commission basis. In general, drivers for Myles Group, Inc. were paid commission rates between 25-40%.**

**INTERROGATORY NO. 21:** Please state the terms and conditions of any and all oral or written agreements between Defendant and its transport drivers regarding the method for compensation, including the rates of pay, and the recording of and payment for hours worked by its transport drivers during the Applicable Statutory Period.

**ANSWER: Subject to and without waiving the foregoing objection, Defendant did not have agreements with its employees regarding their pay. Plaintiff was not paid a day rate, per diem, piece rate or hourly rate during the Applicable Statutory Period. Plaintiff was paid a commission rate of 27% on each delivery he performed for Myles Group, Inc.**

**REQUEST FOR PRODUCTION NO. 1:** Please provide all records or other documents referenced by or related to the previous Interrogatory.

**RESPONSE: None.**

**INTERROGATORY NO. 22:** Please identify all charges, complaints, petitions, lawsuits (other than this lawsuit), grievances, or other claims filed, made, lodged, or in any other manner brought to Defendant's attention, against Defendant, whether individually or jointly, with any

11

federal, state, or local government agency, any court, or as an internal grievance, relating to any arising under the FLSA or state minimum wage and overtime statutes, during the past six (6) years.

**ANSWER: None.**

**REQUEST FOR PRODUCTION NO. 2:** Please produce true copies of all documents and thins relating to the preceding Interrogatory.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 3:** Please produce copies of all handbooks, policies, and procedures that Plaintiff was required to follow during his employment with Defendant.

**RESPONSE: See attached DEFS 000161-000234**

**REQUEST FOR PRODUCTION NO. 4:** Please produce copies of all training materials that Plaintiff was required to complete or review during his employment with Defendant.

**RESPONSE: Drivers receive one on one training when necessary. In addition, driver's receive continuing education through the Texas Department of Labor and Regulation.**

**REQUEST FOR PRODUCTION NO. 5:** Please produce a complete copy of Plaintiff's personnel file.

**RESPONSE: Defendant objects to this request on the grounds that it is unduly burdensome and harassing as it has already been produced in Defendants' Initial Disclosures as DEFS 000130-000160.**

**REQUEST FOR PRODUCTION NO. 6:** Please produce copies of all documents, including any timesheets, timeclock records, and schedules, that may reflect each Plaintiff's hours of work during the Applicable Statutory Period.

**RESPONSE: Defendant objects to this request on the grounds that it is unduly burdensome and harassing as it has already been produced in Defendants' Initial Disclosures as DEFS 000001-000129.**

**REQUEST FOR PRODUCTION NO. 7:** Please produce copies of all pay records reflecting monies paid to Plaintiff during the Applicable Statutory Period. Please produce Plaintiff's pay records in an Excel or delimited text format, if available.

**RESPONSE: Defendant objects to this request on the grounds that it is unduly burdensome and harassing as it has already been produced in Defendants' Initial Disclosures as DEFS 000017-000129.**

**REQUEST TO PRODUCTION NO. 8:** Please produce copies of all logs maintained by Plaintiff during Plaintiff's employment with Defendant reflecting any work Plaintiff performed for Defendants, Plaintiffs hours or Plaintiff's compensation.

**RESPONSE: Defendant objects to this request on the grounds that it is unduly burdensome and harassing as it has already been produced in Defendants' Initial Disclosures as DEFS 000001-000016. Defendant asserts that GPS is only stored for 6 months at a time. Discovery is continuing and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 9:** Please produce copies of all evaluations of Plaintiff during the Applicable Statutory Period.

**RESPONSE: Defendant objects to this request on the grounds that it is unduly burdensome and harassing as it has already been produced in Defendants' Initial Disclosures as DEFS 000130-000160.**

**REQUEST FOR PRODUCTION NO. 10:** All written (including electronically stored) policies, standards, procedures, or other information regarding calculation of Plaintiff's compensation for work Plaintiff performed for Defendant.

**RESPONSE: None.**

**REQUEST FOR PRODUCTION NO. 11:** Please produce copies of all pay records reflecting compensation paid to transport drivers during the Applicable Statutory Period.

**RESPONSE: Documents responsive to this request have already been produced in Defendants' Initial Disclosures as DEFS 000017-000129. Discovery is continuing and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

**REQUEST FOR PRODUCTION NO. 12:** Please produce any and all documents Defendant will or may use to negate Plaintiff's claims or to support Defendant's defenses or for any other purpose in the context in this case, including documents to be used at depositions, hearings, pleadings, motions, and trial

**RESPONSE: Discovery is continuing, and Defendant will supplement in accordance with the Federal Rules of Civil Procedure.**

## VERIFICATION

**STATE OF TEXAS** §
§
**COUNTY OF HARRIS** §

_Marjorie Roy-Myles_, has read Defendant **MYLES GROUP, INC.**'s Answers to Plaintiff's Interrogatories. The Answers to Plaintiff's Interrogatories were prepared based upon information contained in presently existing files and records regularly maintained in the ordinary course of business of **MYLES GROUP, INC.** The answers are derived from numerous sources, persons, and documents. No single officer, employee, or agent of the company had the direct knowledge of all of the proper documents necessary to supply each and every answer required.

AUTHORIZED REPRESENTATIVE
Printed Name: _MARjorie Roy Myles_
Job Title: _Vice President_

SUBSCRIBED AND SWORN TO before me on this the __20__ day of _October_, 2022 to certify which witness my hand and seal of office.


CECILIA ROY
Notary ID #132673917
My Commission Expires
September 11, 2024

Notary Public in and for
the State of Texas

My Commission Expires: _September 11, 2024_