IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHRISTOPHER CARTER, Individually and**            **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.            No. 4:22-cv-1359

**MYLES GROUP, INC., and AARON MYLES**            **DEFENDANTS**

### PLAINTIFF CHRISTOPHER CARTER'S ANSWERS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Plaintiff Christopher Carter ("Plaintiff"), by and through his attorneys Sean Short and Josh Sanford of Sanford Law Firm, PLLC, hereby submits his Answers to Defendants' First Set of Interrogatories, and states as follows:

### INTERROGATORIES

**INTERROGATORY NO. 1:** Identify yourself by listing your full name, date of birth and Social Security number, and address.

**ANSWER NO. 1:** Objection. This Interrogatory is unduly burdensome in that it seeks information that Plaintiff submitted to Defendants during the hiring process; therefore, the Defendants already have this information in their possession, and it is more easily accessible by Defendants reviewing their own records. Fed R. Civ. P. 33(d). This Interrogatory is further irrelevant in that it Plaintiff's date of birth, Social Security number and address are of no importance to resolving the issue in this case or establishing any claims or defenses.

Page 1 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

Subject to and without waiving the foregoing objections, Plaintiff states as follows: My full name is ███████████████████████████████.

**INTERROGATORY NO. 2:** Identify the specific amount of wages you claim you are owed arising from the alleged Fair Labor Standards Act violation.

**ANSWER NO. 2:** Damages have not been calculated in this case yet. However, damages include monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay proper regular and overtime wages under the FLSA and the AMWA. Plaintiff will provide detailed damages calculations after Plaintiff has had an opportunity to inspect relevant documents in Defendants' possession and the damages calculations have been prepared.

**INTERROGATORY NO. 3:** Identify the start and end dates for the FLSA claim(s).

**ANSWER NO. 3:** My FLSA claims span the entirety of my employment with Defendants within the applicable statute of limitations period. I worked for Defendant from December of 2018 to present. In a typical workweek, I worked an average of 45 hours. I was not paid for all hours worked. Instead, I was paid a piece rate per vehicle delivered and mileage reimbursement; however, I was also not paid for all the vehicle deliveries I completed. I am owed overtime compensation for all hours worked over 40 in a workweek.

**INTERROGATORY NO. 4:** In your own words, and in detail, describe your title or position, and a description of your job duties for the relevant time period.

**ANSWER NO. 4:** Objection. The Fair Labor Standards Act requires employers, not employees, to make, keep and preserve records of employees and of their wages, hours, and other conditions and practices of employment. 29 U.S.C. § 211(c). Subject to, and

Page 2 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

without waiving, the preceding objection, Plaintiff states as follows: My position or title was tow-truck driver and I was responsible for picking up cars that don't run and transporting them where they need to go, picking up new cars and taking them to the clients' homes, and picking up cars from dealerships and transporting them where they need to go. I had to load and unload each car myself, and each car came with paperwork and invoices that needed to be filled out.

**INTERROGATORY NO. 5:** If you or a person on your behalf has ever filed or presented a demand, claim or lawsuit against any person, firm, or corporation or any other entity to recover damages, please identify fully each said claim or lawsuit (including but not limited to claim number, personal against whom the claim or lawsuit was filed, the full style of any lawsuit and the status of said claim or lawsuit).

**ANSWER NO. 5:** Objection. This Interrogatory is overbroad, irrelevant and can only be used in a fishing expedition against Plaintiff. This Interrogatory is served solely for the purposes of harassment, to portray Plaintiff as having a bad character without shedding any light on the issues of this case. The information requested is not proportional to the needs of this case because any demand, claim or lawsuit against any person, firm, or corporation or any other entity to recover damages on Plaintiff's behalf, if any exist, are of no importance to resolving the issues in this case or establishing any claims or defenses, unless such demand, claim or lawsuit involves or involved Defendants. Additionally, the information requested is not proportional to the needs of this case because the burden or expense of the proposed discovery outweighs the likely benefit.

Page 3 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note the 2015 amendment. This change was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on deleted language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

Subject to and without waiving the foregoing objections, Plaintiff states as follows: None.

**INTERROGATORY NO. 6:** Have you filed income tax returns for the past 5 years?

**ANSWER NO. 6:** Objection. This Interrogatory is irrelevant in that whether or not Plaintiff has filed income tax returns for the past 5 years is of no importance to resolving

Page 4 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

the issues in this matter or establishing any claims or defenses. Furthermore, this Interrogatory is overbroad in that it fails to limit the scope of the requests to the relevant time period.

**INTERROGATORY NO. 7:** Identify persons you believe to have knowledge of the facts concerning this FLSA claim or defenses, and a brief description of that knowledge.

**ANSWER NO. 7:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to have ever known or now recall every individual with knowledge of his hours worked, compensation received, job duties, communications Plaintiff may have had with other current or former employees of Defendants, including managers or supervisors, germane to the same, or about Defendants' pay practices and policies leading to the FLSA violation in general. Nor can Plaintiff be reasonably expect to determine the amount of knowledge that each such individual may have. Plaintiff cannot reasonably be expected to speculate about knowledge outside of his own possession.

Subject to and without waiving the foregoing objections, Plaintiff states as follows: Other current or former employees of Defendants may have some knowledge about the hours Plaintiff worked, the compensation Plaintiff received, Plaintiff's job duties and, more generally, Defendants' pay policies and practices. Defendants and current or former managers or supervisors of Defendants likely have some knowledge of the same.

**INTERROGATORY NO. 8:** Describe the basis for the FLSA claim(s).

**ANSWER NO. 8:** Objection. This Interrogatory is overly broad and vague in that stating "the basis" for each claim requires legal analysis and conclusions. Subject to and

Page 5 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

without waiving the foregoing objections, Plaintiff restates and incorporates Answer No. 3 and ¶¶s 26 – 42 of Plaintiff's Original Complaint—Collective Action hereto.

**INTERROGATORY NO. 9:** Provide a computation of each category of damages claimed by Plaintiff, including a) applicable dates, b) amounts of claimed unpaid wages, and c) the method used for computation (including applicable rates and hours).

**ANSWER NO. 9:** Plaintiff restates and incorporates Answer No. 2 hereto.

**INTERROGATORY NO. 10:** Names of Plaintiff(s)' supervisors during the relevant time period.

**ANSWER NO. 10:** My supervisor is Aaron Myles.

**INTERROGATORY NO. 11:** If Plaintiff(s) reported or complained about the FLSA claim(s) to any government agency, the identify of each agency, the date(s) or such reports or complaints, and the outcome or status of each report or complaint.

**ANSWER NO. 11:** Objection. This Interrogatory is vague in that it fails to describe with reasonable particularity the category of information requested in that it is unclear to what extent of the scope of this request because it fails to specify whether or not it is only seeking information about any reports or complaints about Plaintiff's FLSA claims against Defendants or FLSA claims against entities or individuals other than Defendants. To the extent this Interrogatory seeks information about Plaintiff's FLSA claims against entities or individuals other than Defendants, this Interrogatory is unduly burdensome, irrelevant, overbroad, and can only be used in a fishing expedition against Plaintiff.

An earlier version of Rule 26 contained language referring to "information reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (amended 2015). This language was not intended to define the scope of

Page 6 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

discovery, but because it was incorrectly used in that way, it was removed in 2015. Fed. R. Civ. P. 26 advisory committee's notes note to 2015 amendment. The deletion of the "reasonably calculated" standard was "intended to send a signal to district judges to become more hands-on in the process of regulating—mostly limiting—discovery on relevance grounds alone." *Kennicott v. Sandia Corp.*, 327 F.R.D. 454, 467 (D.N.M. 2018).

While some older cases may reference or quote the old rule, such cases cannot be persuasive where their reasoning is based on the deleted "reasonably calculated" language. *ArcelorMittal Ind. Harbor LLC v. Amex Nooter, LLC*, No. 2:15-CV-195-PRC, 2016 U.S. Dist. LEXIS 89117 (N.D. Ind. July 8, 2016). The standard now requires a party to show that the information sought is relevant to a claim or defense, and the old "reasonably calculated" language should be omitted entirely. *Reibert v. CSAA Fire & Cas. Ins. Co.*, No. 17-CV-350-CVE-JFJ, 2018 U.S. Dist. LEXIS 860 (N.D. Okla. Jan. 3, 2018). While the scope of discovery remains broad after the 2015 amendments, it does not authorize "fishing expeditions" where a party seeks discovery in hopes of finding evidence that it has no reason to believe exists. *Id.*

To the extent this Interrogatory seeks only information about Plaintiff's FLSA claims against Defendants, this Interrogatory is unduly burdensome in that it seeks information that's not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall the specific date(s) of such reports or complaints, if any exist.

Subject to and without waiving the foregoing objections, as for reports or complaints to any government agency, the identify of each agency, the date(s) or such

Page 7 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

reports or complaints, and the outcome or status of each report or complaint about Plaintiff's FLSA claims against Defendants, Plaintiff states as follows: None.

**INTERROGATORY NO. 12:** If the Plaintiff(s) reported or complained to the Defendant (including but not limited to supervisors or administrative departments such as human resources, payroll, timekeeping or benefits) about any FLSA claim(s) state whether the report or complaint was written or oral, when the report or complaint(s) was made, to whom any report or complaint(s) was made and any response provided by the Defendant.

**ANSWER NO. 12:** Objection. This Interrogatory is unduly burdensome in that it seeks information that is not reasonable to retain in normal personal records or memory. Plaintiff cannot reasonably be expected to recall every communication he has had with any current or former employees or management of Defendants regarding errors in his wages and/or underpayment of wages for any reason during his employment with Defendants, no less the date of such complaints, to whom all the complaint was made, whether it was written or verbal, nor a description of any response to such complaint.

Subject to and without waving the preceding objection, Plaintiff states as follows: I never complained, but I know other drivers have. They have quit and refused to do the job provided.

Page 8 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

Respectfully Submitted,

**PLAINTIFF CHRISTOPHER CARTER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/* Sean Short
Sean Short
Ark. Bar No. 2015079
sean@sanfordlawfirm.com

Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

Page 9 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

## CERTIFICATE OF SERVICE

    I, the undersigned, do hereby certify that on the 21 day of October, 2022, a true and correct copy of the above and foregoing was sent via email to the following attorney of record:

Gregory A. Holloway, Esq.
TAYLOR, BOOK, ALLEN & MORRIS, LLP
1221 McKinney, Suite 4300
Houston, Texas 7010
Telephone: (713) 222-9542
Facsimile: (713) 655-7727
gholloway@taylorbook.com

                                                  /s/ Sean Short
                                                  **Sean Short**

Page 10 of 10
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff Christopher Carter's Answers to
Defendants' First Set of Interrogatories

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHRISTOPHER CARTER, Individually and**      **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.      No. 4:22-cv-1359

**MYLES GROUP, INC., and AARON MYLES**      **DEFENDANT**

## VERIFICATION

I, Christopher Carter, verify under penalty of perjury that the factual information contained in the foregoing Answers to Defendant's First Set of Interrogatories is true and correct to the best of my knowledge, information and belief.

Executed on October 19, 2022.

_____
**CHRISTOPHER CARTER**