IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHRISTOPHER CARTER, Individually and**             **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                 No. 4:22-cv-1359

**MYLES GROUP, INC., and AARON MYLES**             **DEFENDANTS**

### PROPOSED ORDER GRANTING JUDGMENT BY DEFAULT

This case was filed by Plaintiff Christopher Carter ("Plaintiff"), individually and on behalf of all others similarly situated, who are former employees of Defendants Myles Group, Inc., and Aaron Myles, alleging violations of the Fair Labor Standards Act ("FLSA"). After careful consideration, and for reasons that follow, the Court makes the following findings of fact and conclusions of law and orders judgment entered for Plaintiff:

On March 8, 2024, this Court granted Plaintiff's Motion for Entry of Default against Defendants. Taking the factual allegations in Plaintiff's Original Complaint—Collective Action ("Complaint") as true, as is appropriate on a motion for default judgment, the Court finds that Plaintiff has presented evidence which establishes a basis for Plaintiff's claims relating to violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and liquidated damages.

Defendants own and operate a vehicle transport business that is engaged in interstate commerce which utilized goods that moved in interstate commerce. Defendants were at all relevant times engaged in commerce as defined in 29 U.S.C. §

203(r) and § 203(s). During the relevant time period the gross revenues of Defendants exceeded $500,000.00 per annum. Defendants were Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), for all relevant time periods. Throughout his employment with Defendants, Plaintiff routinely worked in excess of forty hours per week.

The Court finds that venue is proper. The Court has jurisdiction under the FLSA and jurisdiction over the Defendants in this case because Defendants have engaged in significant activity relevant to this case within the Southern District of Texas, and Plaintiff has been adversely affected by the actions of Defendants, both here in the Southern District of Texas and elsewhere.

The FLSA directs that a covered employer, such as Defendants, must pay its employees overtime pay for all hours worked over forty at a rate of one and one-half times the employees' regular rate of pay. 29 U.S.C. § 207(a)(1). An employee may be considered exempt from the minimum wage and overtime provisions of the FLSA if the employer proves that the employee falls plainly and unmistakably within the terms and spirit of the exemption claimed by the employer. *Owens v. CEVA Logistics/TNT*, No. H-11-2237, 2012 U.S. Dist. LEXIS 180866, *15 (S.D. Tex. Dec. 21, 2012). The facts pled by Plaintiff establish that he was not exempt from the minimum wage and overtime requirements of the FLSA during his employment as a Driver for Defendants.

Plaintiff was employed by Defendants as a Driver within the three years preceding the filing of his Complaint. During this time, he was not paid overtime for hours worked in excess of forty per week. As a Driver, Plaintiff's primary job was to

transport vehicles from dealerships to customers. He was not required to have any special education or specialized knowledge to perform his job.

The type of work performed by Plaintiff as a Driver for Defendants does not qualify him for any exemptions to the FLSA's overtime requirements. His job required no specialized education or knowledge, but rather required him to perform manual labor providing the services offered by Defendants. Because there is no exemption to the FLSA's overtime requirements for which Plaintiff is qualified, he should have been paid overtime wages for all of his hours worked over forty per week. Therefore, Plaintiff is entitled to damages in the amount of one and one-half times his regular rate for all hours worked over forty per week during his time as an oilfield worker for Defendants.

When an employer is found to have violated the overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed. 29 U.S.C. § 216. Liquidated damages are not penal in nature, but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages *only if the employer proves* "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260. An employer must demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Rodriguez v. Farm Stores Grocery, Inc.*, 518 F.3d 1259, 1272 (11th Cir.

2008). Liquidated damages are "the norm" where an FLSA violation is found. *Id.*

By failing to appear and defend herein, Defendants have failed to meet their burden of proving that they acted in objective and subjective good faith. Moreover, as set forth below, Plaintiff has demonstrated that Defendants' violation was willful, thereby precluding a finding that Defendants acted in objective and subjective good faith. Therefore, Plaintiff is awarded liquidated damages equal to the amount of damages for unpaid minimum or overtime wages awarded to him.

Plaintiff is entitled to a three-year limitations period based on the willfulness of Defendants' violation. When an employer "either knew or showed reckless disregard for the matter of whether its conduct was prohibited by statute," the employer has committed a willful violation and a three-year limitations period applies to the claims of employees. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). Plaintiff's Complaint and Declaration, taken together, create a reasonable basis for the award of the third year of damages.

Finally, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded a reasonable attorney's fee and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action."

The Court finds that Plaintiff, individually and on behalf of all others similarly situated, should have judgment against Defendants in the amount of $4,345.75 for unpaid wages, plus $4,345.75 in liquidated damages, for a total of $8,691.50. Plaintiff is

also awarded costs and a reasonable attorney's fees against Defendants, to be determined after the filing of a motion by Plaintiff in accordance with the Federal Rules of Civil Procedure. Plaintiff's request is reasonable, and the Court directs that judgment be entered against Defendants in the amount of $8,691.50.

The parties have thirty (30) days from the entry of this judgment in which to appeal.

**IT IS SO ORDERED.**

SIGNED this \_\_\_\_ day of_____, 2025.

_____
Hon. Charles Eskridge
United States District Judge