United States District Court
Southern District of Texas
**ENTERED**
April 30, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CARTER, | § § | CIVIL ACTION NO 4:22-cv-01359 |
| Plaintiff, | § | |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| MYLES GROUP INC | § | |
| and AARON MYLES, | § | |
| Defendants. | § | |

## ORDER

This case was filed by Plaintiff Christopher Carter, individually and on behalf of all others similarly situated, who are former employees of Defendants Myles Group, Inc, and Aaron Myles, alleging violations of the Fair Labor Standards Act. After consideration, and for reasons that follow, the following findings of fact and conclusions of law and orders judgment are entered for Plaintiff.

On March 8, 2024, a Motion by Plaintiff for Entry of Default against Defendants was granted. Taking the factual allegations in the Original Complaint as true, as is appropriate on a motion for default judgment, it is here found that Plaintiff has presented evidence which establishes a basis for his claims relating to violation of the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq* and liquidated damages.

Defendants own and operate a vehicle transport business that is engaged in interstate commerce which utilized goods that moved in interstate commerce. Defendants were at all relevant times engaged in commerce as defined in 29 USC §203(r) and §203(s).

During the relevant time period, the gross revenues of Defendants exceeded $500,000.00 per annum. Defendants were Plaintiff's employer for all relevant time periods within the meaning of the FLSA, 29 USC §203(d). Throughout his employment with Defendants, Plaintiff routinely worked in excess of forty hours per week.

Venue is determined here to be proper. Subject-matter jurisdiction exists under the FLSA. Personal jurisdiction over the Defendants exists because they have engaged in significant activity relevant to this case within the Southern District of Texas, and  Plaintiff has been adversely affected by their actions, both here in the Southern District of Texas and elsewhere.

The FLSA directs that a covered employer, such as Defendants, must pay its employees overtime pay for all hours worked over forty at a rate of one and one-half times the employees' regular rate of pay. 29 USC §207(a)(1). An employee may be considered exempt from the minimum wage and overtime provisions of the FLSA if the employer proves that the employee falls plainly and unmistakably within the terms and spirit of the exemption claimed by the employer. *Owens v CEVA Logistics/TNT*, 2012 US Dist LEXIS 180866, *15 (SD Tex). The facts pleaded by Plaintiff establish that he was not exempt from the minimum wage and overtime requirements of the FLSA during his employment as a driver for Defendants.

Plaintiff was employed by Defendants as a driver within the three years preceding the filing of his Complaint. During this time, he was not paid overtime for hours worked in excess of forty per week. As a Driver, his primary job was to transport vehicles from dealerships to customers. He was not required to have any special education or specialized knowledge to perform his job.

The type of work performed by Plaintiff as a Driver for Defendants does not qualify him for any exemptions to the FLSA's overtime requirements. His job required no specialized education or knowledge, but rather, required him to perform labor providing the services offered by Defendants. Because there is no exemption to the FLSA's

2

overtime requirements for which Plaintiff is qualified, he should have been paid overtime wages for all of his hours worked over forty per week. As such, Plaintiff is entitled to damages in the amount of one and one-half times his regular rate for all hours worked over forty per week during his time working for Defendants.

When an employer is found to have violated the overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed. 29 USC §216. Liquidated damages are not penal in nature but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Savings Bank v O'Neil*, 324 US 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages only if the employer proves "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 USC §260. An employer must demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v Independent Michigan Power Co*, 381 F3d 574, 584 (6th Cir 2004); *Rodriguez v. Farm Stores Grocery, Inc*, 518 F3d 1259, 1272 (11th Cir 2008). Liquidated damages are "the norm" where an FLSA violation is found. Id.

By failing to appear and defend herein, Defendants have failed to meet their burden of proving that they acted in objective and subjective good faith. Moreover, as set forth below, Plaintiff has demonstrated that Defendants' violation was willful, thereby precluding a finding that Defendants acted in objective and subjective good faith. As such, Plaintiff is awarded liquidated damages equal to the amount of damages for unpaid minimum or overtime wages awarded to him.

Plaintiff is entitled to a three-year limitations period based on the willfulness of Defendants' violation. When an employer "either knew or showed reckless disregard for the

matter of whether its conduct was prohibited by statute," the employer has committed a willful violation and a three-year limitations period applies to the claims of employees. *McLaughlin v. Richland Shoe Co*, 486 US 128, 133 (1988). Plaintiff's Complaint and Declaration, taken together, create a reasonable basis for the award of the third year of damages.

Finally, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded a reasonable attorney's fee and costs incurred in having pursued the case. Specifically, 29 USC §216(b) states that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action."

The Court finds that Plaintiff, individually and on behalf of all others similarly situated, should have judgment against Defendants in the amount of $4,345.75 for unpaid wages, plus $4,345.75 in liquidated damages, for a total of $8,691.50. Plaintiff is also awarded costs and a reasonable attorney's fees against Defendants, to be determined after the filing of a motion by Plaintiff in accordance with the Federal Rules of Civil Procedure.

Plaintiff's request is reasonable, and the Court ORDERS that judgment be ENTERED against Defendants in the amount of $8,691.50.

Plaintiff must bring any motion for costs and attorney's fees within thirty (30) days from the entry of this judgment in which to appeal. Final judgment will enter upon disposition of that motion.

So ORDERED.

Signed on April 30, 2025, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge