IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**CHRISTOPHER CARTER, Individually and**                                      **PLAINTIFF**
**on Behalf of All Others Similarly Situated**

vs.                            No. 4:22-cv-1359

**MYLES GROUP, INC., and AARON MYLES**                            **DEFENDANTS**

**PLAINTIFF'S MOTION FOR COSTS AND ATTORNEYS' FEES**

Plaintiff Christopher Carter, individually and on behalf of all others similarly situated, by and through his attorneys of the Sanford Law Firm, PLLC, for his Motion for Costs and Attorneys' Fees, states as follows:

1. Plaintiff filed this case on April 28, 2022 pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq*., to recover unpaid wages.

2. This case progressed through discovery efforts including written discovery requests and some motions practice.

3. Ultimately, Defendants were unable to secure representation following their counsel's withdrawal and this Court granted Plaintiff's Motion for Default on April 30, awarding damages and ordering Plaintiff to file his request for attorneys' fees and costs by May 30. ECF No. 35.

4. Accordingly, Plaintiff files the current Motion requesting an award of costs and attorneys' fees pursuant to the FLSA, 29 U.S.C. § 216(b).

5. As shown on the Billing Spreadsheet attached hereto as Exhibit 1, Plaintiffs request $10,042.50 in attorneys' fees incurred through May 28, 2025, related

Page 1 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

to the successful litigation of Plaintiff's claims. Plaintiff categorized and summarized billing by attorney and category of work for the Court's convenience in reviewing this request.

6.   As shown in detail on Plaintiff's Costs Invoice (Exhibit 5), Plaintiff also incurred $592.46 in costs other than attorneys' fees during litigation. Plaintiff is entitled to these costs under the FLSA, 29 U.S.C. § 216(b), and under Rule 54(d).

7.   Accordingly, Plaintiff requests a total award of costs and attorneys' fees in the amount of $10,634.96.

8.   In support of this Motion, Plaintiff attaches hereto and incorporate herein the following exhibits:

   Ex. 1   Billing Invoice;
   Ex. 2   Declaration of Attorney Josh Sanford;
   Ex. 3   Declaration of John Kristensen;
   Ex. 4   Order, *McDonald v. SJB Corporation*, No. 2:24-cv-436-MHH (N.D. Ala.), ECF No. 81, Filed 12/17/2024; and
   Ex. 5   Costs Invoice

9.   This Motion is supported by an incorporated Memorandum Brief.

WHEREFORE, Plaintiff respectfully requests that this Motion for Costs and Attorneys' Fees be granted in its entirety, that the Court award Plaintiff fees and costs in the amount of $10,634.96, and for all other just and equitable relief to which Plaintiff may be entitled.

## MEMORANDUM OF LAW

### A.   Legal Standards

In an action under the FLSA, the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). An award of attorney's fees

Page 2 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

under the FLSA "must reflect the obvious congressional intent that the policies enunciated in [29 U.S.C. § 202] be vindicated, at least in part, through private lawsuits." *United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 (6th Cir. 1984). "A court has no discretion to determine whether to award fees and costs," but rather "[d]iscretion applies only to the amount and the reasonableness of the fee." *Singer v. City of Waco*, No. W-99-CA-296, 2001 U.S. Dist. LEXIS 27106, at *5 (W.D. Tex. Nov. 13, 2001).

The Fifth Circuit uses a two-step process to calculate attorney's fees. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502–03 (5th Cir. 2013). First, "[t]he lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Id*. The requested rate should be the prevailing rate in the community "for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Singer*, 2001 U.S. Dist. LEXIS 27106, at *6. (internal quotation marks omitted).

There is a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). "After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in [*Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)]." *Id.* Those factors are

> (1) The time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability

Page 3 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717–19. A *Johnson* factor may not be used to adjust the lodestar if that factor is already taken into account by the lodestar. *Singer*, 2001 U.S. Dist. LEXIS 27106, at *7.

**B.      Plaintiff's Requested Lodestar**

As shown on the Billing Spreadsheet attached as Exhibit 1 to Plaintiff's Motion for Attorneys' Fees, Plaintiff requests $10,042.50 in attorneys' fees. SLF's hourly rates are reasonable, and the attorneys' fees incurred were reasonable and necessary to the prosecution of this case. Thorough, contemporaneous documentation of SLF's time adequately supports the number of hours expended in litigating this matter.

1.      <u>The hours billed by SLF are reasonable.</u>

Both the total amount of fees requested and the individual time entries detailed in the Billing Invoice reflect reasonable billing. Each task recorded was necessary to the resolution of this matter, and the time spent on each task was reasonable. Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 30–39, attached as Ex. 2.

This case was filed on April 28, 2022. ECF No. 1. During SLF's time with the case, the parties engaged in written discovery, serving and responding to written interrogatories and requests for production of documents. Decl. Sanford ¶ 34. Document exchange assisted in assessing liability and calculating damages. Following discovery, Defendants' counsel withdrew and this Court ordered Defendants to obtain counsel or file a statement of intention to proceed pro se by January 5, 2024. ECF No. 26. Plaintiff moved for entry of default on January 31, 2024 (ECF No. 27) and the Court

Page 4 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

entered default on May 17, 2024 (ECF No. 31). Plaintiff moved for default judgment on March 21, 2025 (ECF No. 34), which the Court granted on April 30, 2025 (ECF No. 35).

Based on the work performed, the number of hours requested is facially reasonable. Fees incurred at various phases and types of work are summarized in the chart below:

| Category | Time | Value |
|---|---|---|
| Case Initiation | 2.1 | $520.00 |
| Case Management | 4.0 | $980.00 |
| Conditional Certification | 1.2 | $330.00 |
| Client Communication | 5.2 | $945.00 |
| Discovery | 13.8 | $2,700.00 |
| Fee Petition | 2.5 | $750.00 |
| In House Communication | 5.1 | $1,530.00 |
| Motions for Default | 4.6 | $1,380.00 |
| Opposing Counsel Communication | 2.3 | $697.50 |
| Settlement Related | 0.7 | $210.00 |
| Grand Total | 41.5 | $10,042.50 |

Decl. Sanford ¶ 32.

This breakdown of hours worked into discrete categories aids understanding of the fees incurred and further supports the reasonableness of the fees requested. *See Copely v. Superior Logistics Alt., Inc.*, No. 1:10-cv-9-MEF, 2011 U.S. Dist. LEXIS 33841, at *5 (M.D. Ala. Mar. 30, 2011) ("A well-prepared fee petition also would include a summary, grouping time entries by nature of the activity or state of the case."). A discussion of the types of work encompassed by some of the categories identified above is included in the Declaration of Josh Sanford. *See* Decl. Sanford ¶ 33–39.

SLF reduced billing in a good-faith effort to exclude potentially excessive, redundant, or otherwise unnecessary hours, and simply to make billing more

Page 5 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

reasonable. *See Hensley*, 461 U.S. at 434; Decl. Sanford ¶ 41; Ex. 1, Billing Invoice.[1] For example, SLF audited billing and deducted items for which billing insufficiently described how the time was spent and for clerical or administrative work, among other reductions. Decl. Sanford ¶ 41. Efforts to voluntarily reduce fees further support the lodestar requested. After subtracting hours billed through the exercise of billing judgment, SLF requests an award of fees for 41.5 hours of legal services.

Plaintiff requests billing for two attorneys of record, three attorneys who appeared briefly to draft within their areas of expertise, and a paralegal. *See* Billing Invoice, Ex. 1. To reduce concerns over overstaffing and resulting inefficiencies, the "In House Communication" category has been reduced substantially. Intra-firm conferences can increase efficiency by promoting the distribution of work to the attorney or support staff member that can most efficiently or cost-effectively perform the work and sharing knowledge among attorneys to avoid, for example, a half-hour of research when a five-minute conversation with a colleague would achieve the same result. *See* Ark. R. Prof. Conduct 1.1 (requiring competent representation).

Regardless, efforts were made to remove all "In House Communication" billing for any attorneys and support staff other than Attorney Sean Short, who primarily managed the case. *See* Billing Invoice. This allows Plaintiff to receive the benefit of conferences between SLF attorneys and staff without passing additional cost on to Defendants. The reduction in this category of billing entries is consistent with judicial recognition that intra-firm conferences can be appropriate while balancing the need to maintain "reasonable" billing overall, particularly with respect to intra-firm conferences.

---

[1] Billing entries that were wholly deducted from Plaintiffs' fee request were removed from the Billing Spreadsheet entirely but can be produced upon request. Decl. Sanford ¶ 39.

Page 6 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

*See, e.g.*, *Myers v. Aitkin Cty.*, No. 14-473 (JRT/LIB), 2017 U.S. Dist. LEXIS 44680, at *7 (D. Minn. Mar. 27, 2017) ("Other circuits have found multiple attorneys billing for intra-firm conferences reasonable."); *United Cent. Bank v. Kanan Fashions, Inc.*, No. 10 CV 331, 2012 U.S. Dist. LEXIS 56130, at *23–24 (N.D. Ill. Apr. 23, 2012) ("Multiple lawyers, working together, may lead to more efficiency and reduced costs and as long as the meetings are appropriate and necessary and the billing is reasonable, the court will not exclude the hours.") (internal quotation and editing marks omitted); *Bowne of N.Y.C. v. AmBase Corp.*, 161 F.R.D. 258, 268 (S.D.N.Y. 1995) (recognizing that the refusal to award any fees "for intra-firm meeting time is contrary to law").

SLF also appropriately utilized the assistance of support staff such as paralegals. Work performed by paralegals that would have been performed by attorneys is compensable and helps keep the cost of litigation down. *See Miller v. Alamo*, 983 F.2d 856, 862 (8th Cir. 1993). The work performed by support staff in this case meets this standard.

There is a strong presumption in favor of the resulting lodestar figure. *West*, 2007 U.S. Dist. LEXIS 43423, *6; *Beauford v. ActionLink, LLC*, No. 4:12-cv-139-JLH, 2014 U.S. Dist. LEXIS 5039, at *21–22 (E.D. Ark. Jan. 14, 2014). While a Court's experience regarding the amount of fees that might be reasonable in a particular case may guide this analysis, it is not a substitute for the lodestar analysis. *Murphy v. Vaive Wood Prods. Co.*, 802 F. App'x 930, 937 (6th Cir. 2020). However, judicial experience supports the total amount requested is reasonable. At each step in this case, the work performed by SLF was reasonable and necessary to the progress of the litigation and was performed with prudence and efficiency. Counsel kept thorough contemporaneous

Page 7 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

records of this work. Decl. Sanford ¶ 30; Ex. 1, Billing Invoice. The time spent was reasonable and necessary, and the overall billing is likewise reasonable. Therefore, Plaintiff's fee request of $10,042.50 should be granted in its entirety.

2.   <u>SLF billed at reasonable hourly rates.</u>

A chart detailing the lodestar amounts requested for each individual SLF attorney and support staff member, is set forth below:[2]

| Billed By | Rate | Time Claimed | Value Claimed |
|---|---|---|---|
| Sean Short | $300.00 | 18.3 | $5,490.00 |
| Josh Sanford | $525.00 | 0.3 | $157.50 |
| Courtney Lowery | $250.00 | 2.4 | $600.00 |
| Karolina Viehe | $300.00 | 1.2 | $330.00 |
| Rebecca Matlock | $300.00 | 3.8 | $1,140.00 |
| Paralegal | $150.00 | 15.5 | $2,325.00 |
| Grand Total | | 41.5 | $10,042.50 |

SLF's hourly rates are reasonable and in line with the current market-value of hourly rates for attorneys of SLF's experience in the Houston area. *See* Decl. of John Kristensen ¶ 16–22, attached as Ex. 3 (stating that Houston-area attorneys regularly charge twice the rates requested above for attorneys of similar or slightly-greater experience); Order, *McDonald v. SJB Corporation*, No. 2:24-cv-436-MHH (N.D. Ala.), ECF No. 81, Filed 12/17/2024, attached as Ex. 4.[3]

In 2021, this Court considered the expertise and experience of SLF in awarding fees in a similar labor-intensive FLSA case lacking meaningful complexity. *Sheffield v. Stewart Builders, Inc.*, No. CV 19-1030, 2021 WL 951897, at *5 (S.D. Tex. Mar. 10,

---

[2]   The individual charges underlying the chart reflecting individual attorneys' lodestar amounts are contained in the Billing Spreadsheet (Ex. 1).

[3]   Mr. Kristensen's declaration was filed in a case litigated in the Northern District of Alabama but was provided to SLF upon request to file in support of this Motion.

Page 8 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

2021). The Court awarded Josh Sanford and Rebecca Matlock hourly rates of $400.00 and $225.00 respectively, SLF attorneys with 10+ years of experience hourly rates of $300.00 to $350.00, and attorneys with between 5 and 10 years of experience hourly rates of $285.00. *Id*. Currently, attorneys Short, Viehe, and Matlock have been practicing for right at or more than 10 years; a $300.00 hourly rate is warranted for their experience. Attorney Lowery's slightly less experience is reflected in her requested hourly rate of $250.00.

An attorney's hourly rate is not frozen in time, but rather naturally increases over time as a result of *both* inflation and increased experience. *See McConnell v. Sw. Bell Tel. LP*, Civil Action No. 3:20-CV-1457-X, 2023 U.S. Dist. LEXIS 17493, at *6 (N.D. Tex. Feb. 2, 2023); *Veasey v. Abbott*, No. 2:13-CV-193, 2020 U.S. Dist. LEXIS 255611, at *50, fn24 (S.D. Tex. May 27, 2020) ("But the passage of time not only triggers inflation adjustments, it represents additional time in which the attorney has gained more experience and skill, justifying higher rates."). To account for inflation, the *Veasey* court relied on a rate calculator found at the United States Bureau of Labor Statistics. 2020 U.S. Dist. LEXIS 255611, at *50, n.24; *See also* U.S. Bureau of Labor Statistics, "CPI Inflation Calculator," https://www.bls.gov/data/inflation_calculator.htm (last viewed March 13, 2023).

The rates requested by SLF reflect the geographic area in which SLF practices, the type of law practiced by SLF, the qualifications and experience of SLF's attorneys who worked on this case, and the resulting market value of those factors. Decl. Sanford ¶ 7–17, 19. SLF took this information into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 21–29.

Page 9 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

Further, SLF's voluntarily reductions to billable hours make the requested hourly rates even more appropriate.

The law is clear that attorney rates in fee-shifting cases must be set by the free market. *See Smith v. Serv. Master Corp.*, 592 F. App'x 363, 369 (6th Cir. 2014) (fee awards must consider the "prevailing market rate in the relevant community."); *Eldredge v. EDCare Mgmt.*, 766 F. App'x 901, 910 (11th Cir. 2019); *West*, 2007 U.S. Dist. LEXIS 43423, at *6. While the arguments made above demonstrate that the hourly rates requested by SLF are well supported, if this Court should disagree, Plaintiff stands ready to assist with re-calculating the lodestar using rates this Court approves.

**C.    *Johnson* Factors**

As discussed above, the *Johnson* factors are typically reflected in the lodestar and are rarely used to justify a deviation from the lodestar amount. However, to the extent that any of the *Johnson* factors support a deviation, that deviation is upward.

1. <u>The time and labor required for the litigation.</u>

As discussed above, counsel for Plaintiff reviewed the records of hours worked by Plaintiff's attorneys in this case, and made adjustments for unproductive, excessive or redundant time entries. Therefore, this factor was taken into account in determining the lodestar and cannot be used to again reduce the lodestar requested. In addition, all of the time worked by Plaintiff's attorneys as reflected in the lodestar was reasonable and necessary to the advancement of this litigation. Decl. Sanford ¶ 41. Therefore, this factor does not weigh in favor of a reduction of the lodestar.

Page 10 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

2. <u>The skill required to perform the legal services properly.</u>

Labor and Employment law, which includes wage and hour case work is generally recognized as a "specialization," which justifies a higher than average rate. *See* State Bar of Texas Department of Research & Analysis 2015 Hourly Fact Sheet[4] (establishing 2015 median hourly rate at $260.00 and labor/employment median hourly rate at $278.00).[5]

Moreover, this case involved a collective action under Section 216 of the FLSA, which varies from the more typical Rule 23 class action in its notice and opt-in procedures, in which each opt-in plaintiff is treated for all practical purposes as a named plaintiff. While Plaintiff ultimately never moved for collective certification, Plaintiff's counsel approached this case as if it would eventually be tried collectively and tailored their discovery practice accordingly. Attorneys for Plaintiff devote a significant part of their practice, both in terms of time and money, to FLSA-based claims. Decl. Sanford ¶¶ 4–5, 19. Therefore, this factor does not justify a downward deviation from the lodestar.

3. <u>The customary fee.</u>

In determining a reasonable rate for purposes of awarding attorney's fees, including fees in FLSA cases, courts may consider rates awarded in other cases. Case law confirms the reasonableness of the rates claimed by Plaintiff's counsel. *See, e.g.*, *Villegas v. Regions Bank*, Civil Action No. H-11-904, 2013 U.S. Dist. LEXIS 1690, at *8 (Houston Division FLSA case awarding hourly rate of $450); *Rebollar v. Ortega Med.*

---

[4] While Plaintiff does not necessarily agree with the specific rates represented in the Rate Report, discussed below, the Rate Report is useful for a discussion of overall trends in rates, such as which areas of practice support an overall higher or lower rate.

[5] State Bar of Texas Department of Research & Analysis 2015 Hourly Fact Sheet; https://www.texasbar.com/AM/Template.cfm?Section=demographic_and_economic_trends&Template=/CM/ContentDisplay.cfm&ContentID=34182 (last viewed September 16, 2020).

Page 11 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

*Clinic, P.L.L.C.*, Civil Action No. 4:18-0846, 2019 U.S. Dist. LEXIS 142695, at *5–6 (S.D. Tex. Aug. 22, 2019) (Houston Division employment discrimination case finding hourly rates of $500 and $300 reasonable); *see also Carranza v. Cirlos*, Civil Action No. 2:18-cv-419, 2020 U.S. Dist. LEXIS 147902, at *2–3 (S.D. Tex. Jan. 29, 2020) (Corpus Christi Division FLSA case awarding requested hourly rate of $500 and noting that the "requested rates are in line with recent court-approved rates for employment attorneys in Texas"); *Vela v. M&G USA Corp.*, Civil Action No. 2:18-CV-13, 2020 U.S. Dist. LEXIS 12649, at *8, 10–11 (S.D. Tex. Jan. 27, 2020) (Corpus Christi Division FLSA case awarding attorney rates of $400–$500 per hour and a paralegal rate of $125 per hour); *Picasso v. Halal Beasley Ranch, LLC*, Civil Action No. 3:18-CV-53, 2019 U.S. Dist. LEXIS 146715, at *5 (S.D. Tex. Aug. 28, 2019) (Galveston Division FLSA case approving an attorney rate of $400 per hour); *Rouse v. Target Corp.*, 181 F. Supp. 3d 379 (S.D. Tex. 2016) (Galveston Division FLSA case approving hourly rates of $500 for a partner and $300 for an associate with two years of experience).

Where specialized areas of the law are concerned, "the national market may provide a reasonable hourly rate." *Baker v. John Morrell & Co.*, 263 F. Supp. 2d 1161, 1192 (N.D. Iowa 2003). Outside of the Southern District, similar awards have been made. In the FLSA case *Little v. Technical Specialty Products, LLC*, the court awarded hourly rates of $495.00 to an attorney with approximately 40 years of experience and $375.00 to an attorney with 20 years of experience—both attorneys had expertise in labor and employment matters. 2014 U.S. Dist. LEXIS 105069, at *16–18 (E.D. Tex. July 30, 2014). The court cited numerous cases with similar awards. *Id*. at *17–18.[6]

---

[6] *See also West v. Border Foods, Inc.*, 2007 U.S. Dist. LEXIS 43423, at *6-7 (D. Minn. June 8, 2007) (FLSA case with attorney rates ranging from $550-$275 and a non-attorney rate of $125);

Page 12 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

In 2019, a court in the Western District of Texas awarded Sanford Law Firm attorneys' fees in *Moore v. Performance Pressure Pumping Services, LLC*, at the same rates requested in this case. *See* Order Granting Plaintiffs' Motion for Attorneys' Fees and Costs, *Moore v. Performance Pressure Pumping Services, LLC, and Epic Wireline Services, LLC*, No. 5:15-cv-432-RC, *consolidated with* No. 5:15-CV-346-RCL (W.D. Tex. Aug. 14, 2019), ECF No. 174, adopting ECF No. 168 (lead counsel $500 per hour, other counsel $225—$350 per hour). Further, also in 2019, a court in the Western District of Texas awarded plaintiff's attorneys' fees with rates up to $585 in an employment case. *Johnson v. Sw. Research Inst.*, No. 5:15-297, 2019 U.S. Dist. LEXIS 144244, at *20 (W.D. Tex. Aug. 23, 2019).

Plaintiff's counsel took this information, as well as the skill and experience of its own attorneys and other *Johnson* factors, into consideration when setting the appropriate rates for purposes of calculating the lodestar in this case. Decl. Sanford ¶ 21–26. Therefore, neither an upward nor a downward adjustment to the lodestar would be appropriate in this case based on this factor.

    4.    <u>Whether the fee is fixed or contingent.</u>

In this case, the contingent nature of the fee is captured in the hourly rate requested. Decl. Sanford ¶ 23–25; *see also Fox v. Pittsburg State Univ.*, 258 F. Supp. 3d 1243, 1270 (D. Kan. 2017) (recognizing that while the "contingent nature of the fee does not justify enhancement of the lodestar *after* it has been calculated, . . . the contingency risk should be reflected in the lodestar in the form of a higher hourly rate for

---

*Chan v. Sung Yue Tung*, 2007 U.S. Dist. LEXIS 33883, at *9-12 (S.D.N.Y. May 7, 2007) (FLSA case: Senior Partner $450; Senior Associate $300; Associate $200; Law clerk/Pre-admitted law school graduate $100; Paralegal $50-$150); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, at *65-66 (D.N.J. July 10, 2006) (FLSA case utilizing "mixed" hourly attorney rate of $353.63) (not designated for publication).

Page 13 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

the attorney skilled and experienced enough to overcome" the financial risk of prosecuting a case on a contingency basis, "including delayed payment and the contingency fee agreement"). Therefore, this factor does not support a downward deviation from the lodestar.

5. <u>The amount involved and the result obtained.</u>

Plaintiff obtained a significant degree of success, receiving a judgment and full award of damages. Therefore, this factor does not support a downward deviation from the lodestar.

6. <u>The experience, reputation, and ability of the attorneys.</u>

Plaintiff's attorneys are experienced in FLSA-based litigation, and have represented individual plaintiffs, as well as classes on state-wide, regional and national levels, through both settlement and trial. Decl. Sanford ¶¶ 6–7, 17–19. Attorney Josh Sanford has been practicing law full time since 2001 and is a founding member of Sanford Law Firm, PLLC, where he manages all other members of the firm, and he is licensed to practice in multiple state and federal courts. Decl. Sanford ¶ 2–3, 7. Plaintiff's other attorneys are also highly qualified. Decl. Sanford ¶ 19. The experience, reputation and ability of Plaintiff's attorneys supports the lodestar amount requested.

7. <u>Awards in similar cases.</u>

Reasonable hourly rates for attorneys in similar cases are discussed above in relation to the "customary fee" awarded. More relevant to this topic, fee shifting is most important in cases where workers cannot afford to pay an attorney's normal rate and the damages are too low to yield a sufficient contingent fee. *See Estrella v. P.R. Painting Corp.*, 596 F. Supp. 2d 723, 727 (E.D.N.Y. 2009) (FLSA fee-shifting provision is

Page 14 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

"designed in part to secure legal representation for plaintiffs whose wage and hour grievances were too small, in terms of expected recovery, to create a financial incentive for qualified counsel to take such cases under conventional fee arrangements."). Indeed, if attorney's fees were limited by the amount of unpaid wages, the vast majority of FLSA violations in this nation would go un-vindicated because the economics would prevent workers from obtaining counsel.

"Given the nature of claims under the FLSA, it is not uncommon that attorney fee requests can exceed the amount of judgment in the case by many multiples." *Howe v. Hoffman-Curtis Partners Ltd., LLP*, 215 Fed. Appx. 341, 342 (5th Cir. 2007) ($23,357.30 in damages and $129,805.50 in attorney's fees) (citing *Fegley v. Higgins*, 19 F.3d 1125, 1134–35 (6th Cir. 1994) ($7,680 in overtime compensation and $40,000 in attorneys' fees)).[7] Especially in the civil rights context, reducing fees based on the amount of damages awarded is inappropriate, and courts have specifically rejected a "proportionality" approach. *Singer*, 2001 U.S. Dist. LEXIS 27106 at *10. This rule is equally applicable to the FLSA. *Id*. "[I]n a lawsuit initiated under the FLSA an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced," and "it is common for FLSA attorneys' fees awards to significantly exceed the amount the plaintiff recovers

---

[7] See also *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 358 (5th Cir.1990) ($1,181 in damages and $9,250 in fees.); *Bonnette v. Cal. Health & Welfare*, 704 F.2d 1465, 1473 (9th Cir.1983) ($18,455 in damages and $100,000 in fees.); see also, e.g., *Lucio-Cantu v. Vela*, 239 Fed. Appx. 866 (5th Cir. 2007) ($3,349.29, $1,296.00, and $52.50 in damages for three plaintiffs and $51,750.00 in fees); *Orozco v. Plackis* 1:11-cv-00703, Lane, M. (W.D. Tex. June 13, Aug. 8, Sept. 18, 2013) (granting $69,521.29 in damages and $120,326.00 in fees to date, and deferring ruling on additional fees pending appeal); *Albers v. Tri-State Implement, Inc.*, 2010 U.S. Dist. LEXIS 23450, *66-86 (D.S.D. Mar. 12, 2010) ($2,137.97 in damages and $43,797.00 in fees); *Heder*, 255 F. Supp. 2d at 962 ($3,540.00 in damages and $36,204.88 in fees).

Page 15 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

in unpaid wages." *Meesook v. Grey Canyon Family Med., P.A.*, Civil Action No. 5:13-cv-729-XR, 2014 U.S. Dist. LEXIS 143081, at *4 (W.D. Tex. Oct. 8, 2014).[8]

### D.   Costs Other than Attorney's Fees

Lastly, Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. Furthermore, "where attorney's fees are expressly authorized by statute (as they are in 29 U.S.C. § 216(b)), the trial court is not limited to Rule 54(d), but, in addition, has authority to include litigation expenses as part of a 'reasonable attorney's fee.'" *Herold v. Hajoca Corp.*, 864 F.2d 317, 323 (4th Cir. 1988). Here, Plaintiff seeks $592.46.00 in costs, representing the $402.00 filing fee required to initiate any federal lawsuit plus fees for service of process. Decl. Sanford ¶ 42.

### CONCLUSION

Because Plaintiff's counsel has submitted complete documentation of the hours reasonably expended in litigating this case and have billed their time at reasonable rates, the lodestar fee is easily calculated and Plaintiff's counsel are entitled to the strong presumption that the lodestar fee should be awarded in full. Plaintiff's counsel are skilled attorneys with particular experience in FLSA cases. They took up the cause of an employee who was not in a position to pay for legal services and bore the cost of over a year of litigation. To satisfy Congress's intent that private attorneys should be encouraged to enforce the FLSA even on behalf of low-earning workers, Plaintiff's

---

[8]   *See also Robinson v. Nexion Health at Terrell Inc.*, Civil Case No. 3:12-CV-3853-L-BK, 2017 U.S. Dist. LEXIS 195906, at *20 (N.D. Tex. Nov. 1, 2017) (Findings, Conclusion, and Recommendation of the United States Magistrate Judge, adopted by *Robinson v. Nexion Health at Terrell, Inc.*, Civil Action No. 3:12-CV-3853-L, 2017 U.S. Dist. LEXIS 194829) (recognizing that courts have "often approved fee awards that exceed damages" and string citing cases).

Page 16 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

counsel should be awarded compensation commensurate with what they would have received from a paying client. Therefore, Plaintiff respectfully requests that his Motion for Attorney's Fees be granted in its entirety and that Defendant be ordered to pay attorney's fees of $10,042.50 and costs of $592.46.

    Respectfully submitted,

    **CHRISTOPHER CARTER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

    SANFORD LAW FIRM, PLLC
    Kirkpatrick Plaza
    10800 Financial Centre Pkwy, Suite 510
    Little Rock, Arkansas 72211
    Telephone: (800) 615-4946
    Facsimile: (888) 787-2040

    */s/ Sean Short*
    Sean Short
    Ark. Bar No. 2015079
    sean@sanfordlawfirm.com

    Josh Sanford
    Tex. Bar No. 24077858
    josh@sanfordlawfirm.com

Page 17 of 18
Christopher Carter, et al. v. Myles Group, Inc., et al.
U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359
Plaintiff's Motion for Costs and Attorneys' Fees

## **CERTIFICATE OF SERVICE**

  I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing MOTION was filed via the CM/ECF system, which will provide notice to all interested parties. Notice has been delivered by other means to:

Myles Group, Inc.
c/o Marjorie Roy-Myles
2656 South Loop West, Suite 175
Houston, Texas 77054

Aaron Myles
2308 Paradise Canyon Drive
Pearland, Texas 77584

                */s/ Sean Short*
                **Sean Short**

**Page 18 of 18**
**Christopher Carter, et al. v. Myles Group, Inc., et al.**
**U.S.D.C. (S.D. Tex.) Case No. 4:22-cv-1359**
**Plaintiff's Motion for Costs and Attorneys' Fees**