FILED
2024 Dec-17 PM 03:41
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **KELLEY MCDONALD,** *et al.*, } | |
| } | |
| **Plaintiffs**, } | |
| } | |
| v. } | Case No.: 2:24-cv-00436-MHH |
| } | |
| **SJB CORPORATION,** *et al.*, } | |
| } | |
| **Defendants**. } | |

# ORDER

The parties have proposed a settlement in this Fair Labor Standards Act case. On April 7, 2024, Kelley McDonald and Taylor Smith, on behalf of themselves and other similarly situated employees, filed suit against defendants S.J.B. Corporation dba Sammy's, Patricia Cantavespre, and Sammy Russo. Over the course of the litigation, 24 individuals opted into the case. To resolve this matter, the plaintiffs seek certification of an opt-in class pursuant to 29 U.S.C. § 216(b) and approval of the parties' proposed settlement. (Docs. 48, 80).

I.

Plaintiffs Taylor Smith, Ashley Kavanagh, Angel Cardona, Britney Smith, Brooke Martin, Kaylen Moyers, Elizabeth Lee, Alexandra Johnson, Jessica Tomlinson, Emily Artrip, Kathryn Bigbee, Alexandria Heath, Emily Weaver, Jordan

1

Rutledge, Sarah Dykes, April Robinson, and Tiffani Ramos are exotic dancers who work or worked at Sammy's in Birmingham, Alabama between 2016 and 2024. (Doc. 80, p. 8). S.J.B. Corporation owns and operates "Sammy's," an exotic dance club.

Dancers sign a contract to perform at Sammy's. The contract requires dancers to elect to perform as an employee or as an independent contractor. The plaintiffs allege that Sammy's uses these contracts to intentionally misclassify dancers as independent contractors. By misclassifying the dancers as independent contractors, the defendants allegedly deny the dancers minimum wage and overtime payments, divert the dancers' tips to other non-service employees, and force the dancers to pay kickbacks and other fines and fees.

Early in the litigation, the parties expressed an interest in resolving the case. (Doc. 27). The parties first mediated on July 2, 2024. Following this mediation, nine dancers accepted Rule 68 offers of judgment: Stephanie Jeronymo, Kelley McDonald, Jacquese Evans, Destiny Avent, Kayle Gooden, Destiny Gordon, Peyton Mastropolo, Jillian Manning, and Brittany Tyler. (Doc. 80, p. 9). The offers of judgment were exclusive of claims for attorney's fees and costs.

On August 7, 2024, the plaintiffs filed a motion for certification of an FLSA collective action. (Doc. 48). On October 29, 2024, the parties mediated with Chief Magistrate Judge John Ott. Seventeen dancers participated in this second mediation.

(Doc. 80, p. 10). The mediation produced a proposed settlement agreement that resolves these plaintiffs' claims against the defendants. (Doc. 80, p. 11). According to the proposed settlement agreement, the 17 plaintiffs who participated in the second mediation will receive a total of $317,170 in wages and other compensation. (Doc. 80, p. 12). Plaintiffs' counsel will receive $7,830 in costs and $270,000 in attorney's fees, which accounts for the 17 plaintiffs included in the October 2024 settlement and the nine plaintiffs who received payment via Rule 68 offers of judgment. (Doc. 80, p. 12). The gross total of the proposed settlement, inclusive of fees and costs, is $595,000.

The total settled amounts for each of the 17 plaintiffs are as follows:

| PLAINTIFF | NET TO PLAINTIFF | COSTS | FEES | GROSS SETTLEMENT AMOUNT |
|---|---|---|---|---|
| Artrip (Doc. 80) | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Bigbee (Doc. 80) | $14,000.00 | $309.43 | $10,669.83 | $24,979.25 |
| Cardona (Doc. 80) | $10,000.00 | $221.02 | $7,621.31 | $17,842.33 |
| Dykes (Doc. 80) | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Heath (Doc. 80) | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| Johnson (Doc. 80) | $10,000.00 | $221.01 | $7,621.31 | $17,842.32 |
| Kavanaugh (Doc. 80) | $12,000.00 | $265.22 | $9,145.57 | $21,410.79 |
| Lee (Doc. 80) | $40,000.00 | $884.07 | $30,485.22 | $71,369.29 |
| Martin (Doc. 80) | $35,000.00 | $773.56 | $26,674.57 | $62,448.13 |
| Moyers (Doc. 80) | $30,000.00 | $663.05 | $22,863.92 | $53,526.97 |
| Ramos (Doc. 80) | $4,000.00 | $88.41 | $3,048.52 | $7,136.93 |
| Robinson (Doc. 80) | $16,000.00 | $353.63 | $12,194.09 | $28,547.72 |
| Rutledge (Doc. 80) | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| B. Smith (Doc. 80) | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |
| T. Smith (Doc. 80) | $11,000.00 | $243.12 | $8,383.44 | $19,626.56 |
| Tomlinson (Doc. 80) | $17,000.00 | $375.73 | $12,956.22 | $30,331.95 |
| Weaver (Doc. 80) | $15,000.00 | $331.53 | $11,431.96 | $26,763.49 |

3

II.

"Congress enacted the FLSA in 1938 with the goal of 'protecting all covered workers from substandard wages and oppressive working hours.'" *Christopher v. SmithKline Beecham Corp.*, 567 U.S. 142, 147 (2012) (quoting *Barrentine v. Arkansas–Best Freight System, Inc.*, 450 U.S. 728, 739 (1981)) (alterations adopted). In drafting the FLSA, Congress recognized "that there are often great inequalities in bargaining power between employers and employees . . . thus, the [FLSA's] provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Emp't Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1352 (11th Cir. 1982). If employees successfully show that their employer violated the FLSA, the employer will be liable for unpaid minimum or overtime wages and an equal amount of liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).[1]

Under the FLSA, employees may bring claims as a collective action on behalf of similarly situated employees. *See* 29 U.S.C. § 216(b). Plaintiffs bear the burden of establishing that the potential opt-in plaintiffs are "similarly situated" employees. *See Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1217 (11th Cir. 2001) (per

---

[1] *See also Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013) (explaining that liquidated damages are used for enforcing FLSA protections "because knowledge on the part of the employer that he cannot escape liability for liquidated damages by taking advantage of the needs of his employees tends to insure compliance in the first place") (quotations omitted and alterations adopted).

4

curiam). This burden is low and flexible. *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1095 (11th Cir. 1996).[2]

The plaintiffs in this matter have met their burden of showing that the named plaintiffs and other Sammy's dancers are similarly situated with respect to their FLSA claims. The allegations of all potential plaintiffs concern the same job position and duties, defendants, workplace conditions, and management. The allegations are supported by evidence in the record. Two dancers and one club manager submitted declarations describing conditions of employment at Sammy's. (Docs. 48-10, 48-11, 48-12). These declarations support the plaintiffs' assertions that other dancers were subjected to the same FLSA violations.

FLSA collective actions must be settled under the supervision of a district court. *Lynn's Food Stores, Inc.*, 679 F.2d at 1353. Parties may settle FLSA suits only where there is a "bona fide dispute over FLSA coverage." *Lynn's Food Stores, Inc*, 679 F.2d at 1354. When presented with a proposed settlement, a district court must assess the settlement for fairness." *Lynn's Food Stores, Inc.*, 679 F.2d at 1353.

Here, the record indicates that the parties have a bona fide FLSA dispute. (Doc. 80, pp.16–18). The parties debate the plaintiffs' job status and application of

---

[2] FLSA collective actions are unlike Rule 23 class actions because plaintiffs must affirmatively "opt-in" or join an FLSA collective action. *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1248–49 (11th Cir. 2003) (per curiam).

5

the FLSA's wage provisions given that status. There is a bona fide dispute regarding minimum wage payments for all hours the plaintiffs worked at Sammy's and regarding the defendants' tipping practices. (Doc. 24, pp. 13, 15–16). The defendants deposed two plaintiffs and plaintiffs' counsel deposed managerial staff at Sammy's to gather information regarding these disputes. (Doc. 80-1, pp. 12–13). The parties also exchanged relevant documents including available employment records. (Doc. 80, p. 13). The settlement amounts were determined with the assistance of Judge Ott, a federal judge who considered the parties' evidence.[3] The settlement amounts represent wages and liquidated damages per the FLSA. 29 U.S.C. § 216(b). The settlement amounts detailed above are fair and reasonable resolutions of a bona fide dispute.

Section 216 of the FLSA makes fee awards mandatory for prevailing plaintiffs. *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1542 (11th Cir. 1985). The proposed settlement agreement reflects a comprehensive calculation of attorney's fees for plaintiffs' counsel's representation of 26 plaintiffs, both the dancers who settled and the dancers who received offers of judgment.[4] Plaintiffs'

---

[3] *See* Doc. 80, p. 13; *see also, e.g., Hart v. RCI Hosp. Holdings, Inc.*, No. 09 CIV. 3043 PAE, 2015 WL 5577713 (S.D.N.Y. Sept. 22, 2015) (settling an exotic dancer action comprised of over 2,000 class members for an average of $4,254.98 a member).

[4] The calculation of attorney's fees begins with the lodestar, determined by multiplying a reasonable hourly rate by the number of reasonable hours expended. *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1302 (11th Cir. 1988). The "reasonable hourly rate" is the "prevailing market rate in the relevant legal community for similar services by lawyers of

counsel has a lodestar of $333,777.50 and is seeking a reduced multiplier of 80.8 percent, for a total award of $270,000 in attorney's fees. (Doc. 80-1, ¶ 34). The record indicates that the litigants and counsel approached the calculation of attorney's fees and costs in good faith during their mediation with Judge Ott. (*See* Docs. 80-21, 80-23). The Court approves the award of $270,000 in attorney's fees and costs of $7,830.00. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) (emphasizing district court discretion in determining or approving of a fee award).

III.

For the reasons stated above, the Court approves of the parties' proposed settlement. The Court concludes that there is a bona fide dispute regarding the plaintiffs' FLSA claims, and the terms negotiated by the parties constitute a fair and reasonable resolution of that dispute. The Clerk shall please term Docs. 48 and 69 as moot.

**DONE** and **ORDERED** this December 17, 2024.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

---

reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. Meanwhile, "reasonable hours" include all hours expended except those that are "excessive, redundant or otherwise unnecessary." *Norman*, 836 F.2d at 1301 (quotations omitted).

7